JUSTICE GRAY,
concurring in part and dissenting in part.
Notwithstanding my disagreement with the Court’s analysis of the issue before us, I concur in the result the Court reaches. The basis of my disagreement is set forth briefly below, followed by a brief statement of my view regarding the appropriate constitutional basis on which this case should be resolved. In this latter regard, I join in Justice Nelson’s reasoning that Article X, Section 6, of the Montana Constitution clearly prohibits the Conrad School District from allowing Tami to participate in public school sports.
The critical facts of this case are that Tami is enrolled in the Conrad Christian School, a sectarian educational facility; she is not enrolled in the Conrad public school system. Tami seeks to play on public school athletic teams for social purposes and camaraderie. The School District refused to allow her to do so pursuant to its policy limiting participation to students enrolled full time in the public school.
Under these facts, Tami asserts a constitutional right to participate under Article X, Section 1, of the Montana Constitution. The Court relies on Bartmess in concluding that Tami has such a constitutional right. It then applies the Bartmess middle-tier scrutiny and concludes that the School District’s policy decision to restrict participation in extracurricular activities in order to effectively integrate academics and extracurricular activities is more important than Tami’s interest in participating. It holds that the School District’s policy does not violate the Montana Constitution.
While I agree that the policy does not violate the Montana Constitution, it is my view that Bartmess is inapplicable under the facts now before us with regard to both the constitutional right to participate and the resulting application of middle-tier scrutiny. In Bartmess, the challenge to the 2.0 GPA rule for participation in extracurricular activities *166 was asserted by students enrolled full time in the public schools. We held that a public school student’s right to participate in extracurricular activities offered by the public school system in which the student is enrolled is entitled to some degree of constitutional protection.
Unlike in Bartmess, however, the right being asserted by Tami is totally separate and apart from any asserted right to participate in the overall educational system of the School District. She has a right, of course, to attend public schools but has chosen not to do so. Thus, she does not have the same right to participate as the students in Bartmess. I simply do not perceive any tie to Article X, Section 1, of the Montana Constitution such as existed in Bartmess and, as a result, middle-tier scrutiny is not appropriate.
In any event, the Montana Constitution contains a provision which affirmatively precludes the School District from permitting Tami to participate and which, therefore, provides the appropriate basis on which to resolve the present case. That provision — Article X, Section 6, of the Montana Constitution — is discussed in Justice Nelson’s special concurring opinion and needs no further discussion here. I join in that portion of Justice Nelson’s opinion.
Tami advances several cases, including a recent United States Supreme Court case, which she contends establish that no constitutional problems involving separation of church and state arise by allowing her to participate in public school athletics. In particular, she relies on Zobrest v. Catalina Foothills School Dist. (1993), 509 U.S. 1, 13-14, 113 S.Ct. 2462, 2469, 125 L.Ed.2d 1, 14, in which the Supreme Court held that the “no establishment of religion” clause in the First Amendment to the United States Constitution does not bar a public school district from providing a sign language interpreter to accompany a deaf student to classes at a sectarian school where the service was part of a general governmental program. As Justice Nelson points out, however, the First Amendment generally prohibits only direct aid. Article X, Section 6, of the Montana Constitution, on the other hand, prohibits school districts from extending both direct and indirect aid to sectarian schools. Thus, the federal and sister state cases on which Tami relies have no application to the unique and broad proscription contained in the Montana Constitution regarding aid to sectarian schools.
I join the Court in affirming the District Court, although I would accomplish that result under a different analysis.